IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| HAMID BAHADORI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO. _____ |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
| DZS SERVICES, INC, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE:

Plaintiff Hamid Bahadori ("Bahadori" or "Plaintiff") complains of Defendant DZS Services, Inc. ("Defendant" or "DZS"), as follows:

### I. Introduction

This is an action for monetary damages pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et. seq. (hereinafter the "ADEA") to redress Defendant's unlawful employment practices against Plaintiff including Defendant's unlawful discrimination and retaliation against Plaintiff because of his national origin and age and engaging in protected conduct, respectively.

## II. The Parties

1. Plaintiff is an individual residing in Collin County, Texas.

2. Defendant DZS Services, Inc. is a Texas corporation with its corporate headquarters and principal place of business in Plano, Texas. Defendant may be served process through its registered agent, CT Corporation System, 1999 Bryan Street. Suite 900 Dallas, Texas 75201.

## III. Jurisdiction and Venue

3. This Court has jurisdiction over Plaintiff's Title VII and ADEA claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiffs civil rights under Title VII and the ADEA. This Court has subject matter jurisdiction over this action under 29 U.S.C. §§ 621, et. seq. and because the amount in controversy is within the Court's jurisdictional limits.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 139l(b) because Defendant has its headquarters in this District and/or a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## IV. Facts

5. Defendant is a technology based company that provides network solutions to its customers.

6. Plaintiff is a 59 year old male who's national origin is Iranian. Plaintiff began working for DZS in September 2021 as a Relationship Manager. In this role, Plaintiff

was involved working closely with DZS customers. Mr. Bahadori excelled for Defendant. His performance reviews were outstanding and he was named "Employee of the Month" for the entire Company in December 2022.

7. Plaintiff first began experiencing discrimination in late 2021 and early 2022 when he was bullied by his manager, Francis Hipolito. Among other things, Mr. Hipolito made a point of finding fault with Mr. Bahadori because his English was not spoken like a "native speaker" and would look to find fault with MR. Bahadori. Mr. Bahadori complained to Laura Larsen-Misunas, DZS's Chief People Officer, and Ashley Philippeit but no action was taken against Mr. Hipolito. The environment became so toxic for Mr. Bahadori that he volunteered to change groups, which caused a reduction in his base pay.

8. In October 2022, DZS reorganized, and Mr. Bahadori was moved to a new position as an Executive Sales Representative ("ESR"). During the fourth quarter of 2022/first quarter of 2023, two white employees in their 20s were hired in identical positions as ESR's and were paid more than Mr. Bahadori. Meanwhile accounts and territories that were profitable were given to younger employees who were retained in the ultimate reorganization wherein Plaintiff was terminated. More specifically, profitable accounts were taken away from Mr. Bahadori's region and given to younger white employees.

9. Mr. Bahadori complained repeatedly to his managers and HR about the differential treatment/pay received by white employees. After complaining regarding his manager, Kevin Fisher - Director of Executive Sales Representative, ESR, Mr. Bahadori next

complained to Ms. Larsen-Misunas on March 2, 2023 after being threatened with termination by his manager on March 1, 2023. Thereafter, Mr. Bahadori complained to his managers and HR about his compensation and being paid less than his peers (as referenced above).

10. Retaliation against Mr. Bahadori was immediate. Within two weeks of Plaintiff sending a March 10, 2023 email raising concerns about his pay, Mr. Bahadori was transferred out of his ESR position. This move is significant in that Plaintiff was moved to place holder position where only months later he would be terminated as part of a reorganization by DZS on July 21, 2023. Defendant retained younger, less qualified white employees in the reorganization - many of whom had higher compensation than Plaintiff.

11. Defendant offered Plaintiff a separation package but in doing so failed to comply with the OWBPA. Further supporting age animus, ageist comments were made by high level managers of Defendant including the Senior Vice President of Global Sales, Jay Hilbert, who refused to interview an employee because he "did not want another silver hair guy in this place."

12. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") in October 2023. The EEOC thereafter issued a right to sue on May 2, 2024. This action is filed within 90 days of Plaintiff's receipt of the right to sue.

## V. Causes of Action

### COUNT I - DISCRIMINATION AND RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
**(National Origin)**

13. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-12 above.

14. Plaintiff is an employee within the meaning of Title VII, 42 U.S.C. 2000e(f).

15. Defendant is an employer within the meaning of Title VII, 42 U.S.C. 2000e(b).

16. All conditions precedent to filing this action for national origin discrimination under Title VII have been met. Plaintiff timely filed with the Equal Employment Opportunity Commission ("EEOC") a Charge of Discrimination against Defendant in October 2023. Plaintiff received a Notice of Right to Sue from the EEOC on May 2, 2024 - which is within 90 days of the filing of this Complaint.

17. Defendant has violated Title VII, 42 U.S.C. 2000e *et seq.,* in connection with compensation, terms, conditions or privileges of employment because of Plaintiff's national origin and in terminating Plaintiff. Further, Defendant retaliated against Plaintiff for engaging in protected conduct.

18. As a result of Defendant's unlawful employment practices, Plaintiff has suffered damages including back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and seeks to recover for those sums. Defendant's action was

intentional, willful and malicious so that Plaintiff is entitled to recovery of exemplary damages.

19. Plaintiff is entitled to an award of attorney fees and costs under Title VII, **42 U.S.C. §** 2000e-5(k).

### COUNT II - DISCRIMINATION AND RETALIATION IN VIOLATION OF THE ADEA

20. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-19 above.

21. Plaintiff is an individual who is over 40 years old. At the time of the discrimination, including termination of employment, Plaintiff was over 40 years old..

22. Plaintiff is qualified to perform the essential functions of his position. Defendant has intentionally discriminated against Plaintiff because of his age, by treating Plaintiff in a discriminatory manner compared to his younger peers and terminating Plaintiff in violation the ADEA and replacing Plaintiff with an individual outside Plaintiff's protected class.

23. Further, Plaintiff engaged in protected conduct including complaining of discriminatory conduct based on his age.

24. Defendant engaged in intentional retaliation against Plaintiff for Plaintiff's participation in protected activity including terminating Plaintiff.

25. All conditions precedent to filing this action for age discrimination and retaliation under federal law has been met. Plaintiff timely filed his charge of discrimination.

The EEOC within the past 90 days preceding filing this lawsuit issued a Notice of Right to Sue.

26. Defendant has engaged in a single continuous course of conduct of discrimination against Plaintiff because of Plaintiff's age.

27. Such discrimination and retaliation by Defendant against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover damages from Defendant for back pay, front pay, benefits, future pecuniary losses, and compensatory damages. Further, this discrimination and retaliation was willful. Plaintiff is therefore also entitled to recover liquidated damages. Plaintiff is also entitled to and seeks the recovery of all costs and his attorneys' fees.

**REQUEST FOR JURY**

PLAINTIFF HEREBY REQUESTS A JURY IN THIS MATTER.

WHEREFORE, Plaintiff prays that Defendant be cited to appear and answer herein and that on final trial, the Court enter judgment as follows:

(1) Judgment in favor of Plaintiff against Defendant for all actual damages proximately caused by Defendant's conduct including backpay, front pay and liquidated damages;
(2) Judgment in favor of Plaintiff against Defendant for Plaintiff's court costs and reasonable attorneys' fees, expert witness fees, and deposition and copy costs;
(3) Pre-judgment and post-judgment interest at the maximum rate allowable by law; and
(4) Such other and further relief to which Plaintiff may be justly entitled.

Dated - July 25, 2024

Respectfully submitted,
THE HARTMANN FIRM

By: /s/ Clay A. Hartmann
 Clay A. Hartmann
Texas State Bar No. 00790832
THE HARTMANN FIRM
400 N. St. Paul, Suite 1420
Dallas, Texas 75201
(214) 828-1822 - Telephone
clay.hartmann@thehartmannfirm.com

**ATTORNEYS FOR PLAINTIFF**